UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF WASHINGTON - TACOMA

| | |
|---|---|
| DAN VAN VILKINBURGH and the marital community of DAN VAN VILKINBURGH and JANE DOE VAN VILKINBURGH,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL WULICK, ALLEN MYRON, and their respective marital communities, if any; and the PIERCE COUNTY SHERIFF's DEPARTMENT,<br><br>Defendants. | No.<br><br>COMPLAINT and JURY DEMAND |

## PARTIES

1. Plaintiff Dan VAN VELKINBURGH is a natural person residing in PIERCE COUNTY, Washington.

2. The Marital Community of Dan VAN VELKINBURGH and Jane Doe VAN VELKINBURGH resides in PIERCE COUNTY, Washington.

3. Defendant City of Federal Way, Washington, (hereinafter, "Federal Way") is a municipality incorporated in King County, Washington.

4. Defendants DANIEL WULICK and ALLEN MYRON are police officers employed by the PIERCE COUNTY SHERIFF's OFFICE.  Hereinafter, these defendants, or some of them, will be referred to, collectively, as the "Wulick and Myron."

5. The PIERCE COUNTY SHERIFF's OFFICE is employed by PIERCE COUNTY, a municipal corporation, to provide law enforcement services in and for Pierce County, Washington.

COMPLAINT - 1

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

**JURISDICTION AND VENUE**

6. This is an action for violation of federal civil rights statutes including 42 U.S.C. §§ 1981 and 1983. This Court has subject matter jurisdiction over a claim arising under the Constitution or laws of the United States pursuant to 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367.

7. On information and belief all defendants reside or may be found within the Western District of Washington and the Court has jurisdiction over their persons. The conduct giving rise to this action occurred within the Western District of Washington.

8. Venue is appropriate in this Court.

**FACTS RELATED TO EVENTS OF FEBRUARY 2, 2004**

8. For at least 19 months prior to 2/2/04, Dan Van Velkinburgh, ("Dan"), experienced right shoulder pain.

9. Dan complained to his doctor of right shoulder pain on October 8, 2002 and January 2, 2003.

10. Dan told his doctor, in October of 2002, that the right shoulder pain had been going on for three months (since July of '02).

11. At a subsequent visit, on 1/2/03, Dan's shoulder pain was diagnosed as "subluxation of the sternoclavicular joint likely secondary to arthritis." Dan's doctor suggested doing some imaging in the future if symptoms worsened or persisted.

12. On 2/2/04, Pierce County Sheriff's Officer, ("PCSO"), Wulick's report states he responded to Dan's residence, (3812 – 54th St. Ct. NW, Gig Harbor, Washington), because "[Dan's] family reported that Dan Van Velkinburgh was smashing china on his head and cutting his arms with a knife."

COMPLAINT - 2

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

13. On 2/2/04, PCSO Wulick actually showed up at the Van Velkinburgh residence twice. The first time, PCSO Wulick showed up at approximately 10:39 A.M.

14. Dan was not at his residence when PCSO Wulick showed up at 10:39 A.M.

15. PCSO Wulick was told by Dan's minor son, Derick, and/or his wife, Annie, that Dan was not at the premises.

16. PCSO Wulick left a business card with Derick and/or Annie and told them to have Dan call the number on the card when he returned.

17. Dan subsequently returned to the house and called the number listed on PCSO Wulick's card sometime prior to 12:38 P.M on 2/2/04.

18. At approximately 12:38 P.M., PCSO's Wulick and Myron went to the front door of the Van Velkinburgh residence and Dan spoke with them through the open door.

19. Wulick and Myron were outside the door frame on the front porch and Dan was inside the door frame.

20. In his police report, PCSO Myron states that the visit was "a welfare check on a suicidal subject" and he noticed "several small cuts" to Dan's forehead and cuts on his arms.

21. Wulick and Myron's reports state they asked Dan if he wanted to speak to them.

22. Dan repeatedly told Wulick and Myron that he did not want to speak with them and asked them to leave.

23. After Wulick and Myron failed to leave his porch, Dan said "just take me in" and took off his coat to show he did not have any weapons.

24. Dan then walked through the front door with his hands together in front of him.

COMPLAINT - 3

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

25. Wulick and/or Myron grabbed Dan's arm and pulled him down the front porch steps and threw Dan toward the ground.

26. Dan lost his balance and landed on the ground.

27. Dan was asked by Wulick and/or Myron to put his arms behind his back

28a. Dan told Wulick and Myron he could not put his arms behind his back because his shoulder was injured.

28b. Wulick and Myron tazered Dan, pulled his arms behind his back, and cuffed him.

28c. Wullick and Myron placed Dan into a patrol car and drove him to St. Joseph's Hospital, then to Tacoma General Hospital, for a mental health commitment assessment.

28d. Tacoma General Hospital did not recommend mental health commitment or any other mental health treatment and authorized Dan's discharge.

29. Wulick and Myron's actions caused injuries to Dan which necessitated medical treatment and expenses and caused Dan to suffer pain, suffering, time loss, and partial disability.

30. A subsequent medical exam of Dan revealed tendonitis of the supraspinatus tendon, as well as at least a partial tear, perhaps full thickness tear near its insertion. Also noted was degenerative changes of the acromioclavicular joint." A Neer acromioplasty and distal claviculectomy and possible rotator cuff repair to the left shoulder were recommended.

31. As a proximate result of Wulick and Myron's negligence, Dan Van Velkinburgh suffered damages including, without limitation, deprivation of civil rights, emotional distress, and damages from assault and battery.

32a. The actions of Wulick and Myron in seizing and restraining Dan deprived him of rights guaranteed by federal law.

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

32b.  The acts leading to Dan's deprivation of rights directly resulted from the policy, custom, or practice of the Pierce County Sheriff's Department.

32c.  The information and circumstances presented to Wulick and Myron concerning Dan are usual and recurring information and circumstances that commonly present themselves during police business.

33.  The longstanding practice or custom of the Pierce County Sheriff's Department encourages wrongful and violent seizures of persons who present no threat to officers, themselves, and/or others.

34.  The longstanding practice or custom of the Pierce County Sheriff's Department encourages wrongful and violent seizures of persons without regard to the pre-existing medical condition of such persons, even when such medical conditions are made known to the officers.

35.  The longstanding practice or custom of the Pierce County Sheriff's Department encourages wrongful and violent seizures of persons by failing to adequately train officers to distinguish between what behaviors present a legitimate risk of threat to officers, arrestees/detainees, and/or others.

36.  The Pierce County Sheriff's Department does not hire individuals who are adequately qualified to assess the types of risks and medical conditions referred to in paragraphs 33-35, nor does the Pierce County Sheriff's Department hire persons qualified to supervise line officers in this type of work.

37.  No existing training program maintained by the Pierce County Sheriff's Department enables officers to respond properly to the incident detailed in this Complaint.

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

38. The failure to maintain appropriate training for incidents of the type detailed in this Complaint amounts to deliberate indifference to the rights of the persons with whom officers come into contact.

39. This failure actually actually caused the deprivation of rights alleged below in this Complaint.

40. The foregoing paragraphs are realleged and incorporated in the Counts stated below.

**COUNT 1**
**Violation of Fourth, Fifth and Fourteenth Amendments**
**and of 42 U.S.C. §§ 1981 and 1983**

41. As stated more fully above, Wulick and Myron, acting under color of law, unlawfully detained, searched and seized Dan Van Velkinburgh without probable cause, reasonable suspicion, or other justification in violation of his right to freedom from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

42. The acts complained of were committed by Wulick and Myron while Wulick and Myron acting, purporting, or pretending to act in the performance of their official duties.

43. The acts complained of violated clearly established Constitutional rights that Dan Van Vilikinburgh was entitled to by seizing Dan Van Vilkinburgh without probable cause or other legal justification and injuring him in the process.

44. As a proximate result of the above cited Constitutional and statutory violations, Dan Van Velkinburgh, and his marital community, have suffered damages in an amount to be determined at trial.

WHEREFORE plaintiffs pray for a judgment in his favor and against the defendants, jointly and severally, granting the following relief:

COMPLAINT - 6

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848

An award of special and general damages in an amount to be determined at trial, but no less than $500,000 per plaintiff,

An award of punitive damages in an amount sufficient to deter further unlawful conduct by the defendants, but no less than $1,000,000 per plaintiff,

For an award of attorneys' fees and costs as provided by any applicable provision of law, and

For such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury and request that this matter be heard by a jury of twelve persons.

DATED this __day of February, 2007.

THE MACDONALD LAW OFFICE


By_____
   F. Hunter MacDonald, WSBA #22857
   Attorneys for Plaintiffs

COMPLAINT - 7

THE MACDONALD LAW OFFICE
1800 Seattle Tower
1218 Third Avenue
Seattle, Washington 98101
Telephone: (206) 622-5117
Fax: (206) 622-3848