1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAN VAN VILKINBURGH and the marital
community of DAN VAN VILKINBURGH
and JANE DOE VAN VINKINBURGH,

Plaintiffs,

v.

DANIEL WULICK, ALLEN MYRON, and
their respective marital communities, if any; and
the PIERCE COUNTY SHERIFF'S
DEPARTMENT,

Defendants.

Case No. C07-5050FDB

ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS and GRANTING
PLAINTIFFS' MOTION TO AMEND
TO CHANGE SPELLING OF
PLAINTIFFS' NAME and DENYING
MOTION TO AMEND TO ADD
PIERCE COUNTY AS A
DEFENDANT

**BACKGROUND**

Sheriff's Deputies responded to calls form the Plaintiff's family saying that Dan Van

Vilkinburgh was cutting himself and smashing dishes over his head.  (Complaint and Answer)

Deputies sought to take Van Vilkinburgh to the hospital for a mental health assessment. (Complaint)

There is a dispute about whether van Vilkinburgh was threatening or belligerent toward the

Deputies, but he was eventually handcuffed and taken for a mental health assessment.  (Complaint)

Plaintiffs bring claims under the Fourth, Fifth, and Fourteenth Amendments and under 42

U.S.C. §§ 1981 and 1983.  Plaintiffs' claim that the Sheriff's Deputies "unlawfully detained, searched

and seized Dan Van Velkinburgh[1] without probable cause." Plaintiffs allege that the Deputies were

purporting or pretending to act in the performance of their official duties, that Van Vilkinburgh's

injuries resulted from a practice or custom of the Pierce County Sheriffs Department, and that there

was a failure to maintain appropriate training.

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings.

[1]The spelling of Plaintiff's name varies throughout the Complaint.

ORDER - 1

1

**APPLICABLE LAW**

2
3
4
5

The standard applied in ruling on a motion for judgment on the pleadings is that such judgment is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990).

6

**ANALYSIS AND CONCLUSION**

7

**I. Section 1983 Claim**

8
9
10
11
12
13
14
15
16
17

Defendants argue that a "sheriff's department" is not a proper defendant under Section 1983. The Eleventh Circuit holds that sheriff and police departments are not usually considered to be   legal entities subject to suit under Section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The Ninth Circuit has not explicitly adopted this view, but the concurring opinion in *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) states that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."   Moreover, Defendants point out that the conclusions in the foregoing cases regarding Section 1983 is in accord with Washington State law, as the Revised Code speaks of the "county sheriff," an individual elected to a county office (RCW 36.16.030) and that the Code does not create a "sheriff's department" as a separate legal entity."   Therefore, Defendants urge dismissal of Plaintiff's Section 1983 claims.

18
19
20
21

Plaintiffs oppose dismissal citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978), and arguing that a local governmental union or municipality can be sued as a "person" under Section 1983.  Plaintiffs argue that the concurring opinion in *Kama* was irrelevant to the resolution of the case.

22
23
24
25

Plaintiffs' citation to *Monell*, however, is inapt because that case dealt with an administrative agency that had the capacity to sue and be sued, whereas a sheriff's department does not have this capacity.  In *Dean v. Barber*, 951 F.2d at 1214, the Eleventh Circuit rejected the plaintiff's reliance on *Monell*.  This Court finds persuasive the concurrence in *Kama*, as well as the fact that other

26

ORDER - 2

District Courts in the Ninth Circuit (cited by Defendants) have adopted its reasoning. Accordingly, the Section 1983 Claims against Defendant Pierce County Sheriff's Department will be dismissed.

## II. Section 1981 Claim

Section 1981 allows all persons within United States jurisdiction the right to make and enforce contracts, to sue, be parties, give evidence, as well as the right to "the full and equal benefit of all laws and proceedings for the security of persons and property s is enjoyed by white citizens ...." 42 U.S.C. § 1981. Section 1981 is concerned with intentional racial discrimination. *General Bldg. Contractors Ass'n v. Pa.*, 458 U.S. 375, 396-97 (1982). Because there are no allegations of racial discrimination in this case, Defendant move for dismissal as unsupported by the pleadings.

Plaintiffs do not respond to the motion to dismiss the Section 1981 claim, and the Court will take the lack of response as conceding that the 1981 claim is without merit and dismiss it.

## III. Fifth Amendment

Defendants contend that the pleadings fail to show any Fifth Amendment issues. There are no allegations concerning custodial interrogations by the Sheriff's Deputies, and neither are there allegations about involuntary confessions. Plaintiffs do not respond to Defendants' motion regarding the Fifth Amendment, and the Court will take the lack of response as conceding that the Fifth Amendment claims are without merit and will be dismissed.

## IV. Supplemental Filings

Following the briefing on Defendants' 12(c) Motion to Dismiss, discussed above, Plaintiffs filed a supplemental memorandum in response to that Motion, plus, in the same document, moved to amend the case caption and to shorten time to hear the motion to amend (2days subsequent). While motions to shorten time have been abolished under the Local Rules, certain motions, such as motions to amend pleadings, may be noted for an earlier date (7 days for a motion to amend pleadings CR7(d)(2)).

Defendants timely responded, and do not oppose amendment of Plaintiffs' names in the case

ORDER - 3

caption, but Defendants do oppose amendment of the case caption to join Pierce County as a Defendant.  Amendment of the case caption is not a proper means to join a party.  Moreover, the Court agrees that the Complaint does not assert a right to relief against the County, but only mentions the County as the employer of the Sheriff's Office, which is not a basis for liability under 42 U.S.C. § 1983.  Therefore, the case caption may be amended to change the spelling of Plaintiffs' last name to "Van Velkinburgh."  The motion to amend is denied as to adding Pierce County as a defendant.

NOW, THEREFORE, IT IS ORDERED:

1.  Defendants' Rule 12(c) Motion for Judgment on The Pleadings [Dkt. # 21] is GRANTED and Defendants Daniel Wulick, Allen Myron, and their respective marital communities, if any; and the Pierce County Sheriff's Department are entitled to dismissal, without prejudice, of the following claims of the Plaintiffs as a matter of law:

      a.  The 42 U.S.C. § 1983 claims against the Pierce County Sheriff's Department;

      b.  The 42 U.S.C. § 1981 claims against Defendants;

      c.  The Fifth Amendment claims against Defendants.

2.  Plaintiffs' Motion to Amend Case Caption [Dkt. # 25] to change spelling of Plaintiffs' last name and to name Pierce County as a defendant is GRANTED in part as to changing the spelling of Plaintiffs' last name to "Van Velkinburgh," and DENIED in part as to adding Pierce County as a Defendant.

DATED this 29th day of May, 2008.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4